UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RANDOLPH L. ROHRBAUGH, ACTING
INSURANCE COMMISSIONER OF THE
COMMONWEALTH OF PENNSYLVANIA,
acting in his official capacity as Statutory
Liquidator of Legion Insurance Company and
Villanova Insurance Company,[1]              **MEMORANDUM AND ORDER**

                         Plaintiff,                    05-CV-3486 (SLT)(RML)

            -against-

U.S. MANAGEMENT, INC., SADELITE
AGENCY, INC., BUDGET SERVICES, INC.,
and DOES 1 - 10, INCLUSIVE,

                         Defendants.
----------------------------------------------------------x

**TOWNES, United States District Judge:**

      Plaintiff Randolph L. Rohrbaugh, Acting Insurance Commissioner of the Commonwealth of Pennsylvania and the statutory liquidator of Legion Insurance Company and Villanova Insurance Company (collectively, "the Insurance Companies"), brings this diversity action to recover premiums and other amounts which are allegedly owed to the Insurance Companies by Brooklyn-based defendants U.S. Management, Inc., Sadelite Agency, Inc., and Budget Services, Inc. Defendants seek permission to move to dismiss this action pursuant to Fed. R. Civ. P.

---

[1]This action was commenced in the name of former Insurance Commissioner M. Diane Koken. In a letter dated March 21, 2007, plaintiffs' counsel informed this Court that Mr. Rohrbaugh was appointed as Acting Commissioner on February 19, 2007, replacing Ms. Koken. *See* Letter to Hon. Sandra L. Townes from David T. Garnes, Esq., dated Mar. 21, 2007, at 1, n. 1. By operation of Fed. R. Civ. P. 25(d)(1), Mr. Rohrbaugh was automatically substituted as plaintiff as of the date of his appointment. Although a formal order of substitution is technically unnecessary, *see* Fed. R. Civ. P. 25(d)(1), this Court will nonetheless order that Mr. Rohrbaugh be substituted for Ms. Koken as plaintiff in this action, that all subsequent proceedings be prosecuted in the name of the substituted plaintiff and that the Clerk of Court amend the caption of this case to reflect the substitution.

12(b)(3) on the ground that a forum-selection clause in a "Shareholder Agreement" between defendants and an entity affiliated with the Insurance Companies' controlling shareholder – Bermuda-based Mutual Risk Management Ltd. ("MRM") – requires that this case be litigated in Bermuda. For the reasons set forth below, this Court denies defendants permission to move to dismiss on this ground.

## BACKGROUND

The complaint in this action primarily alleges breach of a "contract of insurance and related policies (the 'Contracts')." These Contracts are not attached to the complaint or specifically identify therein. However, the complaint indicates that the Contracts include workers' compensation insurance policies which obligate the Insurance Companies "to provide workers' compensation insurance to Defendants in consideration for the payment of a premium and other amounts." Complaint at ¶ 9. The complaint principally seeks to recover from defendants the premiums and other amounts owed under these policies. Complaint at 6.

In lieu of filing an answer in this case, defendants have sought permission to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) on the ground that a contractual forum-selection clause requires that this action be brought in Bermuda. However, defendants do not contend that a forum-selection clause exists in any contract between the Insurance Companies and any of the defendants. Rather, defendants rely on a forum-selection clause contained in a "shareholder's agreement" between defendant U.S. Management, Inc., and Mutual Holdings (Bermuda), Ltd. – an affiliate of MRM.

Defendants suggest that this shareholder's agreement was one of three or four contracts executed by defendant U.S. Management in order to effectuate "MRM's rent a captive insurance program," which was sold to U.S. Management by the "marketing arm" of MRM and the

Insurance Companies. *See* Defendants' Statement Pursuant to Rule 56.1 at ¶¶ 3-6. According to defendants, the other contracts executed by U.S. Management included (1) a "high deductible Workers Compensation Policy issued by Villanova Insurance Company to one or more of the Defendants," (2) a "deductible reimbursement policy between one or more of the defendants and an MRM affiliate," requiring that payments due to the insured be made directly to Villanova Insurance Company by the MRM affiliate, and (3) one or more reinsurance agreements between the MRM affiliate and Legion Insurance Company." *Id.* at ¶ 6. Quoting the preamble to the shareholder's agreement, which states that "this AGREEMENT, the POLICY and the TREATY together constitute a single insurance program (hereinafter the 'PROGRAM') which is a uniquely negotiated single contract," *id.* at ¶ 7, defendants argue that the forum-selection clause contained in the shareholder's agreement is binding on the Insurance Companies. Letter to District Judge Sandra L. Townes from Donald Jay Pols, Esq., dated Mar. 15, 2007 (hereinafter, the "Pols Letter"), at 2. In support of this argument, defendants cite to cases in which a forum-selection clause was enforced against a party which did not sign the contract containing the clause, but which was so "'closely related' to the dispute" as to make it "foreseeable" that such a party would be bound by the terms of the contract. *Id.* at 3 (citing cases).

Although defendants do not attach a copy of the shareholder's agreement to their pre-motion conference request, a "Shareholder Agreement" attached to plaintiff's opposition papers appears to be the shareholder's agreement referenced by defendants. *See* Ex. B to Letter to Hon. Sandra L. Townes from David T. Garnes, Esq. (hereinafter, the "Garnes Letter"). That Shareholder Agreement – executed February 21, 2002, by Mutual Holding (Bermuda) Ltd. and "US Management Inc. and Affiliates" – contains both the preamble and the forum-selection clause quoted in defendants' papers. The forum-selection clause reads:

> This Agreement has been made and executed in Bermuda and shall be exclusively governed by and construed in accordance with the laws of Bermuda and any dispute concerning this Agreement shall be resolved exclusively by the courts of Bermuda.

*Id.* at ¶ 10. The Shareholder Agreement does not specifically define the term, "Agreement," but repeatedly refers to itself as "this Agreement."

The Shareholder Agreement specifically defines the terms, "Policy," and "Treaty," as used in the preamble. The term "Treaty" refers to "one or more Deductible Reimbursement Insurance Policies" issued to U.S. Management Inc. and Affiliates by Mutual Indemnity (Bermuda) Ltd. – a subsidiary of Mutual Holdings (Bermuda) Ltd. – and/or "one or more Reinsurance Agreements" between Mutual Indemnity (Bermuda) Ltd. and an "Insurance Company." For purposes of the Shareholder Agreement, an "Insurance Company" means "the insurance company(ies) as shown in Appendix I." *Id.* at 1. The term, "Policy," refers to one or more "policies of insurance" issued to U.S. Management Inc. and Affiliates by an "Insurance Company." *Id.* Appendix No. I to the Shareholder Agreement indicates that Legion Insurance Company is an "Insurance Company" underwriting an unspecified "Treaty." That appendix, however, makes no mention of Villanova Insurance Company, and does not specify what, if any, "Insurance Company" has issued a "Policy," as defined in the Shareholder Agreement.

In a letter in opposition to defendants' request for a pre-motion conference, plaintiff implies that the contract upon which plaintiff is suing is a "Workers Compensation and Employers Liability Insurance Policy" issued by both the Insurance Companies. Garnes Letter at 1. However, a copy of that policy, which is attached as Exhibit A to the Garnes Letter, appears to be issued by Villanova Insurance Company alone. Moreover, that policy makes no reference to any other agreements, policies or treaties. Instead, it expressly states, " The only agreements relating to this insurance are stated in this policy." Workers Compensation and

4

Employers Liability Insurance Policy (the index to which appears on page 3 of Ex. A to the Garnes Letter) at 1.

## DISCUSSION

Although defendants principally seek to enforce the provisions of a contractual forum-selection clause, defendants propose filing a motion to dismiss this action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. While some courts in this Circuit have analyzed motions to dismiss based on a forum-selection clauses as if they were brought under Rule 12(b)(3), *see HongKong & Shanghai Banking Corp. v. Suveyke*, 392 F. Supp. 2d 489, 490-91 (E.D.N.Y. 2005)); *see also Person v. Google, Inc.*, 456 F. Supp. 2d 488, 492-93 (S.D.N.Y. 2006), the Second Circuit has analyzed such motions under Rule 12(b)(1), *see, e.g., AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 152 (2d Cir. 1984), and other Circuits have used Rule 12(b)(6). *See, e.g., LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 7 (1st Cir. 1984). In *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24 (2d Cir. 1997), the Second Circuit acknowledged that the circuits have not reached "consensus . . . as to the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause." *Id.* at 28. Recognizing that "there is no existing mechanism with which forum selection enforcement is a perfect fit," *id.* at 29, the Second Circuit "refused to pigeon-hole these claims into a particular clause of Rule 12(b)." *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006). Instead, it established a separate framework for analyzing these cases.

Under this framework, the moving party must first show evidence of "an apparently governing forum selection clause." *Id.* The burden is then on the plaintiff who brought suit in a forum other than the one designated by that clause "to make a 'strong showing' in order to

overcome the presumption of enforceability." *Id.* (quoting *New Moon Shipping*, 121 F.3d at 29). That burden is "analogous to that imposed on a plaintiff to prove that the federal court has subject matter jurisdiction over his suit or personal jurisdiction over the defendant." *New Moon Shipping*, 121 F.3d at 29. In the early stages of litigation, such a plaintiff "need only make a *prima facie* showing by alleging facts which, if true, would support the court's exercise of jurisdiction." *Id.* (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

In this case, defendants' submissions do not show evidence of "an apparently governing forum selection clause." Defendants do not allege that there is a forum-selection clause contained in any agreement between the Insurance Companies and defendants. Rather, defendants rely on a forum-selection clause contained in a shareholder's agreement between one or more of the defendants and a third party, Mutual Holdings (Bermuda) Ltd. Quoting the preamble to that shareholder's agreement – which indicates that the parties thereto view that agreement, some unspecified "Policy" and an unspecified "Treaty" as together constituting "a uniquely negotiated single contract" – defendants argue that the Insurance Companies are signatories to one or more of these other documents and are bound by the terms of the forum-selection clause.

There are several problems with this argument. First, there is a substantial question as to whether any of the "Contracts" at issue in this case is a "Policy," as defined in the shareholder's agreement. The Shareholder Agreement attached to the Garnes Letter as Exhibit B defines a "Policy" as one or more policies of insurance issued to U.S. Management Inc. and Affiliates by an "Insurance Company" – *i.e.*, one of "the insurance company(ies) as shown in Appendix I."

*Id.* at 1.  However, Appendix No. I to the Shareholder Agreement does not specify what, if any, "Insurance Company" has issued a "Policy."  Moreover, that appendix makes no mention whatsoever of Villanova Insurance Company, which appears to have issued the Workers Compensation and Employers Liability Insurance Policy giving rise to this action.  *See* Garnes Letter. Ex. A. Therefore, it is unclear whether the "Contracts" at issue in this case include any of the documents comprising the "uniquely negotiated single contract" referred to in the preamble to the Shareholder Agreement.

Second, even assuming that one or more of the "Contracts" at issue in this case is a "Policy," as defined in the Shareholder Agreement, the express terms of the forum-selection clause limits its scope to conflicts arising from the Shareholder Agreement.  The forum-selection clause states:

> This Agreement has been made and executed in Bermuda and shall be exclusively governed by and construed in accordance with the laws of Bermuda and any dispute *concerning this Agreement* shall be resolved exclusively by the courts of Bermuda.

Pols Letter at 2; Shareholder Agreement at ¶ 10 (emphasis added).  Although "Agreement" is not a defined term, that term is repeatedly used to refer in the Shareholder Agreement to refer to the Shareholder Agreement itself.  The forum-selection clause, therefore, does not purport to govern all disputes concerning the "Program," or any "Policy" or "Treaty" comprising part of that Program.  Accordingly, even assuming that one or more of the "Contracts" at issue in this case is a "Policy," the forum-selection clause appears, by its own terms, to be limited to disputes concerning the Shareholder Agreement.

Third, even if the forum-selection clause could be read as governing all disputes concerning the "Program," or any "Policy" or "Treaty" comprising part of that Program, there is nothing to suggest that the Insurance Companies ever agreed to be bound by this forum-selection

7

clause. This Court recognizes that, under some circumstances, a forum-selection clause may be enforced against a litigant who was not a party to the contract or agreement containing that clause. *See*, *e.g.*, *Cuno, Inc. v. Hayward Indus. Products*, No. 03 Civ. 3076 (MBM), 2005 WL 1123877, at *6 (S.D.N.Y. May 10, 2005). However, "[i]n order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Id.* (quoting *Nanopierce Technologies, Inc. v. Southridge Capital Mgmt., LLC*, No. 02 Civ. 0767 (LBS), 2003 WL 22882137, at *5 (S.D.N.Y. Dec. 4, 2003)). "A non-party is 'closely related' to a dispute if its interests are 'completely derivative' of and 'directly related to, if not predicated upon' the signatory party's interests or conduct." *Id.* (quoting *Lipcom v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998)).

The Insurance Companies' interests in this case are not derived from Mutual Holdings' interests or conduct. Plaintiff is suing upon contracts entered into by the Insurance Companies themselves. Although the Insurance Companies may have contracted with other affiliates of MRM in order to meet their obligations under the contracts at issue in this case, there is nothing to indicate that the Insurance Companies ever contracted with Mutual Holdings. There is also nothing to suggest that defendants' obligations to pay premiums to the Insurance Companies were predicated on Mutual Holdings' performance under the Shareholder Agreement.

## *CONCLUSION*

For the reasons stated above, defendants' request for permission to move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) on the ground that a contractual forum-selection clause requires that this case be litigated in Bermuda is denied. In light of the fact that Randolph L. Rohrbaugh has been appointed Acting Insurance Commissioner of the Commonwealth of Pennsylvania, replacing M. Diane Koken, this Court hereby orders that Mr. Rohrbaugh be

substituted for Ms. Koken as plaintiff in this action. All subsequent proceedings shall be prosecuted in the name of the substituted plaintiff and the Clerk of Court shall amend the caption of this case to reflect the substitution.

**SO ORDERED.**

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
      July 2, 2007