UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOEL S. ARIO, *Acting Insurance*
*Commissioner of the Commonwealth of Pennsylvania*
*Acting in his official capacity as Statutory Liquidator*
*of Legion Insurance Company and Villanova Insurance*
*Company*,

      Plaintiff,        **MEMORANDUM and ORDER**

  — against —        05 CV 3486 (SLT)(RML)

U.S. MANAGEMENT, INC., *et al.*,

      Defendants.
-------------------------------------------------------------------X
**TOWNES, United States District Judge:**

   Plaintiff Joel S. Ario, Acting Insurance Commissioner of the Commonwealth of

Pennsylvania and the statutory liquidator of Legion Insurance Company and Villanova Insurance

Company (collectively, "the Insurance Companies"), brings this diversity action to recover

insurance premiums which were allegedly owed to the Insurance Companies by the defendants,

U.S. Management, Inc., Sadelite Agency, Inc., and Budget Services, Inc.

   In March 2007, at the conclusion of limited pre-motion discovery, defendants sought

permission to move to dismiss this action for improper venue pursuant to Rule 12(b)(3) of the

Federal Rules of Civil Procedure on the ground that a contractual forum-selection clause requires

litigation in Bermuda. By Memorandum and Order dated July 2, 2007, this Court denied

defendants' pre-motion conference request. Subsequently, defendants filed a motion for

reconsideration of this Court's July 2, 2007 Memorandum and Order, pursuant to Local Rule 6.3.

   Local Rule 6.3 provides, in relevant part, that a "notice of motion for reconsideration or

reargument of a court order determining a motion shall be served within ten (10) days after the

entry of the court's determination of the original motion . . . ." This Court's Memorandum &

Order, from which defendants seek reconsideration, addresses defendants' letter request for a

pre-motion conference seeking leave to dismiss the complaint. A letter request for a pre-motion conference does not constitute a motion. Per the terms of Local Rule 6.3, defendants' motion for reconsideration is improper. Similarly, Fed. R. Civ. P. 59(e) and 60(b) do not apply as neither a judgment nor a final order has been entered in this case. This Court reminds defendants that they may file a letter requesting a pre-motion conference seeking leave to file a summary judgment motion at the close of discovery.

## CONCLUSION

For the reasons set forth above, defendants' motion for reconsideration is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
October 17, 2007

*Sandra L. Townes*

SANDRA L. TOWNES
United States District Judge